IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN REID ALTHOUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1886-E-BN |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kevin Reid Althouse filed a *pro se* civil rights complaint against the Commissioner of the Social Security Administration (the SSA), SSA employees, U.S. Congressman Colin Allred, and Medicare requesting monetary damages. *See* Dkt. No. 3. United States District Judge Ada Brown referred Althouse's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of jurisdiction.

**Applicable Background**

Althouse alleges that federal officers or employees acted negligently to deny him "property without due process of law" under the Fifth Amendment when an employee of the SSA failed to remove Althouse's previously designated payee, which resulted in that payee receiving thousands of dollars in benefits that should have gone to Althouse. *See, e.g.*, Dkt. No. 3, ¶ 8 ("As a result of this negligence on August

30, 2017 when I complained that Ramona Polk was stealing my disability payments Ramona Polk continued to receive my checks [for six months], an estimated total of $4,200.00."). He further alleges that Medicare wrongfully took $800 from him, for coverage after his disability was terminated due to his incarceration, and that the SSA continues to deduct an unexplained $40 from his monthly benefits. And he alleges that Congressman Allred's office unsuccessfully contacted the SSA regarding Althouse's complaints.

Althouse seeks compensatory damages from the SSA and punitive damages from Medicare and Congressman Allred (that he "pay for the costs of this proceeding due to his apathetic and condescending conduct").

## Legal Standards and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Althouse chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per curiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Concerning Althouse's federal due process claim, the sole basis for federal jurisdiction raised by the complaint, as against the SSA, Althouse's "failure to identify any final agency decision precludes jurisdiction … to the extent that he seeks review of a prior social security benefits decision (or requests social security benefits outright)." *Lavender v. Soc. Sec.*, No. 3:19-cv-2561-S-BN, 2020 WL 1539640, at *2 (N.D. Tex. Mar. 6, 2020) (discussing 42 U.S.C. §§ 405(g), 405(h); citing *In re Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019); *Raczkowski v. United States*, 138 F. App'x 174, 175-76 (11th Cir. 2005) (per curiam) (Section "405(h) bars social security benefits cases

with jurisdictional grounding in [Section] 1331."), *rec. accepted*, 2020 WL 1529728 (N.D. Tex. Mar. 31, 2020).

> Even so, Section 405(g)'s finality requirement
>
> does not preclude judicial review if a claimant asserts a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

*Weeks v. Berryhill*, 694 F. App'x 340, 342 (5th Cir. 2017) (per curiam); *see also Celestine v. Colvin*, Civ. A. No. 4:15-002150, 2015 WL 12990010, at *5 (S.D. Tex. Dec. 3, 2015) ("[A]ny due process claim against Defendant Colvin, to the extent pleaded, is prohibited by Section 405(h). In certain cases[, however,] a procedural due process claim may be brought under Section 405(g) challenging the constitutional sufficiency of administrative procedures." (citations omitted)).

But Althouse's conclusional claim for negligence labeled as a due process violation is not colorable under the constitution, as a "mere allegation of a due process violation is not persuasive." *Robertson*, 803 F.2d at 810 ("agree[ing] with our colleagues of the Fourth Circuit that '[i]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words'" (quoting *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984))).

Absent a colorable constitutional claim, the Federal Tort Claim Act (the FTCA) precludes tort suits against the SSA, as an agency of the United States, as well as its employees acting in their official capacities. *See, e.g.*, *Joseph v. Soc. Sec. Admin.*, CV

16-3377 (JFB) (GRB), 2017 WL 1067804, at *5-*6 (E.D.N.Y. Feb. 28, 2017), *rec. adopted*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017); *see also Fabian v. Colvin*, No. SA-14-CV-141-XR, 2014 WL 3952803, at *3 (W.D. Tex. Aug. 13, 2014) ("[T]here are no other viable jurisdictional bases for Plaintiff's damages claim against the SSA. In fact, § 405(h) expressly provides that 'no action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28.' Therefore, even though 28 U.S.C. § 1346 (i.e. the Federal Tort Claims Act or FTCA) waives sovereign immunity for certain tort actions against the federal government, Plaintiff is barred by statute from recasting her claim against the SSA as an intentional tort." (citations omitted)). *Cf. Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) ("[A]n action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991))).

The Court similarly lacks jurisdiction over Althouse's claim against Medicare. *See, e.g.*, *Supreme Home Health Servs., Inc. v. Azar*, 812 F. App'x 229, 234-35 (5th Cir. 2020) ("The Supreme Court has made clear that 42 U.S.C. § 405(h), as incorporated by 42 U.S.C. § 1395ii, generally bars suits arising under the Medicare laws from being brought under federal-question jurisdiction. Claims must first be 'channeled through' the administrative review process. A plaintiff may invoke § 1331 in a particular set of cases, however, where the bar against jurisdiction 'would not lead to channeling of review through the agency but would mean no review at all.' 'This exception is narrow

and applies only when channeling a claim through the agency would result in the "complete preclusion of judicial review."' But [even] the delay caused by the 'colossal backlog in Medicare appeals' is not enough to provide jurisdiction under § 1331." (citations omitted)).

And, insofar as Althouse seeks damages from Congressman Allred or any other federal defendant in an individual capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *Bivens*, unlike 42 U.S.C. § 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) ("Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.").

Given that the facts here present a context outside the *Bivens* trilogy of cases, Althouse has not shown that the Court should extend *Bivens* to this context. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 4395280, at *11-*13 (N.D. Tex. July 13, 2021), *rec. accepted*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021); *see also Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988) (refusing to extend *Bivens* to an action under the Fifth Amendment's Due Process Clause for wrongful denial of Social Security disability benefits: "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have

not created additional *Bivens* remedies.").

## Recommendation

The Court should dismiss this case for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE